**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **DETRISHA GLOVER,** | ) | |
| **Plaintiff,** | ) | **Case: 1:26-cv-10539** |
| **v.** | ) | |
| **HARBOR FREIGHT TOOLS TEXAS, L.P.,** | ) | **Jury Trial Demanded** |
| **Defendant.** | ) | |

## COMPLAINT

Plaintiff, Detrisha Glover ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Harbor Freight Tools Texas, L.P. ("Defendant"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Civil Rights Act of 1866, 42 U.S.C. §1981 ("Section 1981"), and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. ("Title VII"), seeking redress for Defendant's race-based discrimination, race-based harassment, and retaliation in violation of Section 1981, and for Defendant's race-based discrimination, race-based harassment, and retaliation in violation of Title VII.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331 and 28 U.S.C. § 1343(a)(4).

3. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

4. All conditions precedent to commencement of this action have been satisfied.

5. A charge of employment discrimination was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") and the Illinois Department of Human Rights ("IDHR") (Attached hereto as Exhibit "A").

6. Plaintiff received a Notice of Right to Sue from the EEOC, issued August 18, 2026 (attached hereto as Exhibit "B").

7. This Complaint has been filed within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## THE PARTIES

8. Plaintiff, Detrisha Glover, is a natural person, over 18 years of age, who at all times relevant to the allegations of this Complaint resided in Cook County, Illinois.

9. Defendant, Harbor Freight Tools Texas, L.P., whose address is 3401 S. Brandon Rd., Elwood, IL 60421, is a limited partnership specializing in retail tool and equipment sales that at all times material to the allegations in this Complaint was doing business in and for Will County, Illinois.

10. Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

11. At all times relevant to the allegations of this Complaint, Plaintiff and Defendant were parties to an employment relationship that constitutes a contractual relationship within the meaning of 42 U.S.C. § 1981(b), and Plaintiff was entitled to the same right to make and enforce the contract, and to the full and equal enjoyment of all its benefits, privileges, terms, and conditions.

12. During the applicable limitations period, Defendant has had at least fifteen

employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

## BACKGROUND FACTS

13. Plaintiff worked for Defendant as an Operations Coordinator from on or about May 15, 2023, until Plaintiff's unlawful termination on or about June 26, 2026.

14. Plaintiff met or exceeded Defendant's performance expectations throughout the entire duration of her employment.

15. As an Operations Coordinator, Plaintiff's job duties included but were not limited to the following:

- Staffing drivers and assigning associates to daily tasks within the DTC/NONCON department;
- Overseeing DTC/NONCON department operations and conducting inventory checks; and
- Monitoring shipping schedules and liaising with customer service.

16. Plaintiff is African American and is a member of a protected class because of her race.

17. Since at least June 2025, Defendant has subjected Plaintiff to different terms and conditions of employment than employees outside of her protected class and has subjected Plaintiff to a hostile work environment on the basis of race, in violation of Title VII and Section 1981.

18. In or around August 2025, Plaintiff received a Performance Management Review ("PMR") after a coworker falsely claimed that Plaintiff had yelled at him.

19. On or about January 22, 2026, Plaintiff was presented with a Final PMR by Alex Luviano and James Chronister based on an accusation by Jeri Raymond that Plaintiff had hollered

at her, an accusation Plaintiff denies.

20. The underlying conflict giving rise to the Final PMR arose from a job assignment decision that Plaintiff made in the ordinary course of her duties.

21. Plaintiff was repeatedly and falsely accused of "hollering" or engaging in unprofessional behavior by coworkers who were dissatisfied with their work assignments, and Plaintiff was disciplined for this conduct despite never having engaged in it.

22. Similar complaints made by employees outside of Plaintiff's protected class were investigated and addressed by Defendant, while Plaintiff's own complaints about coworker misconduct were ignored.

23. Plaintiff became aware that coworkers had been overheard discussing plans to get her terminated and making racially derogatory comments about her.

24. An associate submitted a multi-page written statement to Human Resources against Plaintiff, and Defendant took no action.

25. When an associate later accused Plaintiff of being rude, Defendant immediately issued Plaintiff a written disciplinary notice.

26. On or about January 26, 2026, Plaintiff filed a written complaint with Defendant's on-site Human Resources department alleging race discrimination and describing the disparate treatment described above.

27. Defendant's Human Resources department did not investigate Plaintiff's complaint or otherwise respond to her allegations.

28. On or about February 26, 2026, Plaintiff escalated her complaint to Defendant's Corporate Human Resources department, reiterating her allegations of race discrimination and the on-site Human Resources department's failure to act.

29. Immediately after Plaintiff's complaint to Corporate Human Resources, the Human Resources representatives within her department stopped communicating with her.

30. Plaintiff's manager began excluding her from workplace communications, meetings, and projects, and failed to notify her of numerous departmental changes. Plaintiff was the only employee in her department who was not informed of these changes.

31. On or about June 16, 2026, approximately four months after Plaintiff's internal complaint, Defendant's Human Resources representatives informed Plaintiff that allegations had been made against her concerning favoritism and discussing personal matters during work hours.

32. Plaintiff denied the allegations and repeatedly requested information about them, including who made the allegations and what specific conduct was under investigation. Defendant refused to provide any further details.

33. Following this meeting, Defendant placed Plaintiff on unpaid administrative leave pending an investigation.

34. On or about June 26, 2026, approximately ten days after being placed on administrative leave, Defendant's Operations Manager, James Chronister, informed Plaintiff by phone that her employment was terminated. Defendant stated that the termination was based on "conduct and performance issues."

35. Defendant's stated reason for Plaintiff's termination is pretextual, and Plaintiff's termination was motivated by her race and by her complaints of race discrimination.

36. Plaintiff was unlawfully terminated because of her race (African American) on or about June 26, 2026.

37. Plaintiff was retaliated against, and her employment was ultimately terminated, for opposing unlawful discrimination and harassment and for exercising her protected rights.

38. Plaintiff reported the race-based discrimination and harassment to Defendant.

39. Plaintiff was targeted for termination because of her race.

40. Plaintiff suffered multiple adverse employment actions, including exclusion from workplace communications and meetings, unpaid administrative leave, and termination.

41. There is a basis for employer liability for the race-based harassment and discrimination to which Plaintiff was subjected.

42. Plaintiff can show that she engaged in statutorily protected activity, a necessary component of her retaliation claim, because Plaintiff reported race-based discrimination and harassment to Defendant's on-site and Corporate Human Resources departments.

## COUNT I
**Violation of 42 U.S.C. §1981**
**(Race-Based Discrimination)**

43. Plaintiff repeats and re-alleges all preceding paragraphs as if fully stated herein.

44. 42 U.S.C. § 1981 ("Section 1981") guarantees persons of all races and ethnicities the same right to make and enforce contracts as is enjoyed by white citizens, including the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

45. Defendant's conduct against Plaintiff's race amounts to a pattern or practice of systemic race discrimination that constitutes illegal, intentional race discrimination in violation of 42 U.S.C. § 1981.

46. Plaintiff was subjected to and harmed by Defendant's systemic and individual discrimination. Plaintiff's race was the but-for cause of Defendant's decision to terminate Plaintiff's employment.

47. Defendant's unlawful conduct resulted in considerable harm and adverse employment action to Plaintiff and Plaintiff is therefore entitled to all legal and equitable remedies

under § 1981.

48. As a direct and proximate result of the race-based discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**COUNT II**
**Violation of 42 U.S.C. §1981**
**(Race-Based Harassment)**

49. Plaintiff repeats and re-alleges all preceding paragraphs as if fully stated herein.

50. By virtue of the conduct alleged herein, Defendant subjected Plaintiff to a hostile work environment on the basis of her race, African American, in violation of 42 U.S.C. § 1981.

51. The harassment was unwelcome.

52. The harassment was based on Plaintiff's race.

53. The harassment was sufficiently severe or pervasive to alter the conditions of Plaintiff's employment and to create a hostile or abusive working environment, and was offensive both subjectively and objectively, including the repeated false accusations of "hollering" and unprofessional conduct made against Plaintiff and the discipline she received for conduct she did not engage in, as described in Paragraph 21 above; the racially derogatory comments coworkers made about Plaintiff and their discussions of plans to get her terminated, as described in Paragraph 23 above; and Defendant's disparate handling of complaints made by and against Plaintiff, as described in Paragraphs 22, 24, and 25 above.

54. There is a basis for employer liability. The harassment was carried out by, and with the knowledge of, Plaintiff's supervisors, including Operations Manager James Chronister and Alex Luviano, who issued Plaintiff a Final Performance Management Review based on a coworker's false accusation, as described in Paragraph 19 above, and Defendant was on notice of

the conduct through Plaintiff's written complaint to its on-site Human Resources department, as described in Paragraph 26 above, and her written complaint to its Corporate Human Resources department, as described in Paragraph 28 above, yet Defendant failed to investigate or take any corrective action.

55. Defendant acted intentionally and with malice or with reckless indifference to Plaintiff's federally protected rights.

56. As a direct and proximate result of the conduct described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits, and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**COUNT III**
**Violation of 42 U.S.C. §1981**
**(Retaliation)**

57. Plaintiff repeats and re-alleges all preceding paragraphs as if fully stated herein.

58. Plaintiff engaged in activity protected by 42 U.S.C. § 1981 when she complained in writing to Defendant's on-site Human Resources department on or about January 26, 2026, and to Defendant's Corporate Human Resources department on or about February 26, 2026, that she was being subjected to race-based discrimination and harassment.

59. Plaintiff held a sincere and objectively reasonable, good-faith belief that the conduct she opposed was unlawful.

60. Following and because of Plaintiff's protected activity, Defendant subjected Plaintiff to materially adverse actions, including excluding her from workplace communications, meetings, and projects, placing her on unpaid administrative leave, and terminating her employment.

61. Defendant's actions were materially adverse in that they well might have dissuaded

a reasonable worker from making or supporting a charge of discrimination.

62. Plaintiff's protected activity was the but-for cause of the materially adverse actions described above, including Plaintiff's termination.

63. Defendant acted intentionally and with malice or with reckless indifference to Plaintiff's federally protected rights.

64. As a direct and proximate result of the conduct described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits, and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT IV
## Violation of Title VII of the Civil Rights Act of 1964
## (Race-Based Discrimination)

65. Plaintiff repeats and re-alleges all preceding paragraphs as if fully stated herein.

66. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's race, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*. ("Title VII").

67. Plaintiff is a member of a protected class under Title VII, due to Plaintiff's race, African American.

68. Plaintiff met or exceeded performance expectations.

69. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

70. Defendant terminated Plaintiff's employment on the basis of Plaintiff's race.

71. Plaintiff's race was a motivating factor in, and the but-for cause of, Defendant's decision to terminate Plaintiff's employment.

72. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

73. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**COUNT V**
**Violation of Title VII of the Civil Rights Act of 1964**
**(Race-Based Harassment)**

74. Plaintiff repeats and re-alleges all preceding paragraphs as if fully stated herein.

75. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and subjected Plaintiff to race-based harassment, in violation of Title VII.

76. Plaintiff is a member of a protected class under Title VII due to Plaintiff's race, African American.

77. Defendant knew or should have known of the harassment.

78. The race-based harassment was severe or pervasive, including but not limited to the repeated false accusations of "hollering" and unprofessional conduct made against Plaintiff and the discipline she received for conduct she did not engage in, as described in Paragraph 21 above; the racially derogatory comments coworkers made about Plaintiff and their discussions of plans to get her terminated, as described in Paragraph 23 above; and Defendant's disparate handling of complaints made by and against Plaintiff, as described in Paragraphs 22, 24, and 25 above.

79. The race-based harassment was offensive subjectively and objectively.

80. The race-based harassment was unwelcomed.

81. There is a basis for employer liability. The harassment was carried out by, and with the knowledge of, Plaintiff's supervisors, including Operations Manager James Chronister and Alex Luviano, who issued Plaintiff a Final Performance Management Review based on a coworker's false accusation, as described in Paragraph 19 above, and Defendant was on notice of

the conduct through Plaintiff's written complaint to its on-site Human Resources department, as described in Paragraph 26 above, and her written complaint to its Corporate Human Resources department, as described in Paragraph 28 above, yet Defendant failed to investigate or take any corrective action.

82. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

83. As a direct and proximate result of the race-based harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**COUNT VI**
**Violation of Title VII of the Civil Rights Act of 1964**
**(Retaliation)**

84. Plaintiff repeats and re-alleges all preceding paragraphs as if fully stated herein.

85. By virtue of the conduct alleged herein, Defendant retaliated against Plaintiff based on Plaintiff reporting race-based discrimination and harassment, thereby violating Title VII.

86. Plaintiff is a member of a protected class under Title VII due to Plaintiff's race (African American).

87. During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about conduct that constituted race-based discrimination and harassment.

88. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

89. In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough, and objective investigation of Plaintiff's complaint of race-based discrimination and harassment.

90. Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

91. Plaintiff suffered materially adverse employment action in retaliation for engaging in protected activity, including exclusion from workplace communications and meetings, unpaid administrative leave, and termination. Defendant's actions were materially adverse in that they well might have dissuaded a reasonable worker from making or supporting a charge of discrimination.

92. Plaintiff's protected activity was the but-for cause of the materially adverse actions described above, including Plaintiff's termination.

93. Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

94. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Court find in Plaintiff's favor and against Defendant as follows:

a. Back pay with interest;

b. Payment of interest on all back pay recoverable;

c. Front pay;

d. Loss of benefits;

e. Compensatory and punitive damages;

f. Reasonable attorneys' fees and costs;

g. Award pre-judgment interest if applicable; and

h. Award Plaintiff any and all other such relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated: August 31, 2026.

***/s/ Chad W. Eisenback***
**CHAD W. EISENBACK, ESQ.**
**NATHAN C. VOLHEIM, ESQ.**
**CHASIDY K. CLARK, ESQ.**
**SULAIMAN LAW GROUP, LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone: 630-575-8181
ceisenback@atlaslawcenter.com
nvolheim@sulaimanlaw.com
cclark@atlaslawcenter.com
*Counsel for Plaintiff*